# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., an Idaho corporation,<br><br>        Plaintiff,<br><br>v.<br><br>B.R. CHASE, L.L.C., a Utah limited liability company; and HARMONY BRANDS, L.L.C., a Utah limited liability company,<br><br>        Defendants. | Case No. 1:11-cv-00249-BLW<br><br>**PROTECTIVE ORDER** |

      To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Procedure 26(c) and the stipulation of the parties, it is hereby **ORDERED THAT:**

    **A.**    **<u>Definitions</u>**

    1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.    "Material": all information, documents, testimony, and things produced, served or otherwise provided in this action by the Parties or by non-parties.

    3.    "Designating Party": a Party or non-party that designates information, documents,

or things for production in disclosures, or in responses to discovery as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

4. "CONFIDENTIAL" Material: information, documents, and things the Designating Party believes in good faith are not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

5. "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material: information, documents, and things the Designating Party believes in good faith are not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6. "Producing Party": a Party or non-party that discloses or produces Material in this action.

7. "Receiving Party": a Party that receives Material from a Producing Party.

8. "Designated Material": Material that is designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order.

9. "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, and (ii) partners, principals, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks.

10. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an

expert witness, or as a consultant in this action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

11. "Professional Vendors": persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; transcribing; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. This definition includes professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such consultants to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Scope**

12. The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or the local rules of the District of Idaho.

**C.     Access To Designated Material**

13. **CONFIDENTIAL Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)     Persons who were an author, addressee or intended recipient thereof;

(b)     Counsel of Record;

(c)     Employees of a Receiving Party and necessary secretarial staff who are responsible for providing oversight of or assistance in the litigation, who have signed the

"Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and provided an executed copy to all Parties prior to receiving Confidential Material.

  (d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

  (e) Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

  (f) The Court and its personnel;

  (g) Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

  (h) Court reporters and videographers employed in connection with this case; and

  (i) Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

14. **"CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material only to the following, in addition to those identified in Paragraph 27 below regarding use of Designated Material at depositions:

  (a) Persons who were an author, addressee or intended recipient thereof;

  (b) Counsel of Record;

  (c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and

Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

       (d)     The Court and its personnel;

       (e)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

       (f)     Court reporters and videographers employed in connection with this case; and

       (g)     Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

15.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other Parties at the termination of this action.

16.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to ensure the implementation of the terms of this Protective Order.

45017.0020.3156469.1

### D. Access By Outside Consultants

17. **Notice.** If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last five years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B.

18. **Objections.** The Designating Party shall have fourteen (14) calendar days from receipt of the notice specified in Paragraph 17 to object in writing to such disclosure (15 plus three (3) extra calendar days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 14-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 14-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may, within seven (7) calendar days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief. If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgement and

45017.0020.3156469.1

Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting party, whichever occurs first.

### E. Access to and Use of Designated Material

19. **Legal Advice Based on Protected Material.** Nothing in this Protective Order prevents counsel from advising their clients regarding this litigation based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Material itself or its substance, except as provided in this Order.

20. **Disclosure Among Defendants.** A Defendant is not obligated to disclose its Protected Material to another Defendant or its counsel.

21. **Use Of Designated Material By Receiving Party.** Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this litigation, and shall not be used in any other way, or for any other purpose, including, without limitation, any other litigation, patent prosecution or acquisition, or any competitive purpose or function. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

22. **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

23. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may

testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following:

 (a) A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material which has been produced by that party;

 (b) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

 (c) Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face, or from other documents or testimony, to have been received from, or was intended to be communicated to, the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the Acknowledgement and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

 **F.** **Procedure for Designating Materials**

24. Subject to the limitations set forth in this Order, a Designating Party may: designate as "CONFIDENTIAL" information that the Designating Party believes, in good faith,

8 PROTECTIVE ORDER
1:11-CV-00249-BLW

45017.0020.3156469.1

meets the definition set forth in Paragraph 4 above and designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information that it believes, in good faith, meets the definition set forth in Paragraph 5 above.

25. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section before the material is disclosed or produced.

26. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page that contains Designated Material. In lieu of marking the documents themselves, the Producing Party may provide a log to the Receiving Party, by Bates number, if available, or by sufficient description to identify the documents to be protected under this Order, and any documents designed in any such log as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be protected as provided herein.

(b) For testimony given in deposition, or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of receipt of the deposition transcript of the designations to be applied. All deposition transcripts not designated during the deposition will nonetheless be treated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as instructed by the Designating Party.

(c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

27. Confidential documents and information produced by third parties may also be marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the third party or any Party to this action. Confidential documents produced by third parties will be designated confidential by the third party or the Party to this action claiming confidentiality using the following procedure: the designating third party or Party to this action shall have thirty (30) days, which may be extended by agreement, after the production or receipt of the documents, whichever is later, to provide a log to the Parties to this action, by Bates number, if available, or by sufficient description to identify the documents to be protected under this Order. Any documents designated in any such log as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be protected as provided herein

### G. No Waiver of Privilege

28. A party does not waive the attorney-client privilege, work product immunity, or any other applicable privilege or immunity by producing documents or things, or making them available for inspection. If the Producing Party becomes aware of any inadvertent or unintentional disclosure, it may designate such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and request in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return all copies of such document(s). However, the Producing Party must retain a copy of any document(s) that are returned until any disputes concerning such documents have been resolved. The Receiving Party returning such information may thereafter move the Court for an Order compelling production of such information. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege or immunity designation by

10

PROTECTIVE ORDER
1:11-CV-00249-BLW

45017.0020.3156469.1

filing a written motion with the Court; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity.

### H. Inadvertent Failure To Designate

29. An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

### I. Filing Designated Material

30. All Designated Material shall be filed under seal pursuant to Dist. Idaho Loc. R. 5.3 and shall be maintained under seal by the Clerk of the Court until further order of the Court.

### J. Challenges to Confidentiality Designations

31. Designating Parties shall use reasonable care when designating documents or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY have been improperly designated. A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

32. Receiving Parties may challenge the propriety of a "CONFIDENTIAL" or

45017.0020.3156469.1

"CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation at any time. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated.

33. The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with all applicable rules. If agreement cannot be reached, the Receiving Party may request that the Court cancel or modify a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation.

34. Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws the contested designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### K. Protected Material Subpoenaed or Ordered Produced In Other Litigation

35. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Designating Party thereafter becomes obligated to disclose "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the Designating Party and permits counsel for that party a reasonable time following the written notice to intervene and seek judicial protection from the enforcement of the subpoena or entry of an appropriate protective order in the action in which the subpoena was issued.

### L. Unauthorized Disclosure Of Designated Material

36. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (b) inform

45017.0020.3156469.1

the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### M. Non-Party Use of this Protective Order

37. A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.

38. A non-party's use of this Protective Order to protect its "CONFIDENTIAL" Material or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material does not entitle that non-party access to "CONFIDENTIAL" Material or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material produced by any Party in this case.

### N. Duration

39. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### O. Final Disposition

40. Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) calendar days after the final termination of this action (including after any and all appeals), each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject

45017.0020.3156469.1

to this Protective Order as set forth in Section N (Duration), above.

### P. Miscellaneous

41. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

42. This Order is without prejudice to the right of any Party to apply to the Court at any time to seek additional protection for any Discovery Material or to modify this Order in any way, including but not limited to seeking an order that certain material need not be produced. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

43. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: January 13, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Scentsy, Inc. v. B.R. Chase, L.L.C. and Harmony Brands, L.L.C.,* Case No. 1:11-cv-00249-BLW, United States District Court for the District of Idaho and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
printed name]

_____
[signature]

45017.0020.3156469.1

# EXHIBIT B

# CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me, or of a competitor of the opposing Party. If at any time after I execute this Certificate of Consultant and during the pendency of the Action I become an employee of a competitor of the opposing Party, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked by the opposing Party as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
printed name]

_____
[signature]

45017.0020.3156469.1