John N. Zarian, ISB No. 7390
Kennedy K. Luvai, ISB No. 8824
PARSONS BEHLE & LATIMER
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:     jzarian@parsonsbehle.com
           kluvai@parsonsbehle.com

Attorneys for Defendants B.R. Chase, LLC
and Harmony Brands, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., an Idaho corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>B.R. CHASE, LLC, a Utah limited liability company; and HARMONY BRANDS, LLC, a Utah limited liability company,<br><br>                      Defendants. | Case No. 1:11-cv-00249-BLW<br><br>**DECLARATION OF KENNEDY K. LUVAI IN SUPPORT OF DEFENDANT HARMONY BRANDS, LLC'S MOTION FOR SUMMARY JUDGMENT** |

I, Kennedy K. Luvai, declare as follows:

1. I am duly licensed to practice law in the State of Idaho and before this Court, and I am associated with the law firm of Parsons Behle & Latimer, PLC. I am one of the attorneys representing defendant Harmony Brands, LLC ("Harmony") in the above-referenced action. I make this declaration based upon my own personal knowledge, and if called upon, could and would testify as to the truth of the factual statements contained herein.

2. Attached hereto as **Exhibit A** are true and correct copies of the applications for copyright registration and the copyright registrations for plaintiff Scentsy, Inc. ("Scentsy" or "Plaintiff") with respect to **Sendai**, **Kokopelli**, **Snow Day** and **Boleyn**.

3. Attached hereto as **Exhibit B** is a true and correct copy of a letter from the United States Copyright Office ("Copyright Office") rejecting the two-dimensional (2-D) artwork registration applications for Scentsy's **Satin Black**, **Tribeca, Liberty**, **Green**, **Beaded White** and **Beaded Black**.

4. Attached hereto as **Exhibit C** is a true and correct copy of a letter from the Copyright Office rejecting the three-dimensional/sculpture (3-D) registration applications for Scentsy's **Satin Black**, **Kokopelli**, **Tribeca**, **Rustic Star**, **Liberty**, **Symphony**, **Beaded White**, **Beaded Black**, **Green**, and **Fleur-de-Lis**.

5. Attached hereto as **Exhibit D** is a true and correct copy of relevant excerpts from the transcript of the Rule 30(b)(6) deposition of Scentsy given on July 30, 2012 by Mr. Mark Stastny, president of Scentsy for North America, as corporate designee. (This transcript is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal pursuant to the Protective Order (Dkt. No. 27) entered in this case.)

DECLARATION OF KENNEDY K. LUVAI IN SUPPORT OF DEFENDANT HARMONY
BRANDS, LLC'S MOTION FOR SUMMARY JUDGMENT - 1

4852-9324-7250.1

6. Attached hereto as **Exhibit E** is a true and correct copy of relevant excerpts from the transcript of the Rule 30(b)(6) deposition of Scentsy given on July 31, 2012 by Ms. Julie Stewart, formerly lead designer at Scentsy, as corporate designee. (This transcript is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.)

7. Attached hereto as **Exhibit F** is a true and correct copy of relevant excerpts from the transcript of the deposition of Ms. Katie Jensen, a Scentsy consultant, taken on August 22, 2012. (This transcript is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.)

8. Attached hereto as **Exhibit G** is a true and correct copy of relevant excerpts from the transcript of the deposition of the Rule 30(b)(6) deposition of Scentsy given on August 23, 2012 by Mr. Eric Ritter, in-house counsel at Scentsy, as corporate designee. (This transcript is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.)

9. Attached hereto as **Exhibit H** is a true and correct copy of relevant excerpts from the transcript of the deposition of Ms. Rebecca "Becky" Preece, a Scentsy consultant, taken on August 27, 2012. (This transcript is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.)

10. Attached hereto as **Exhibit I** is a true and correct copy of relevant excerpts from the transcript of the deposition of Mr. Orville Thompson, Scentsy's chief executive, taken on September 4, 2012. (This transcript is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.)

11. Attached hereto as **Exhibit J** is a true and correct copy of relevant excerpts from the transcript of the Rule 30(b)(6) deposition of Harmony given on October 3, 2012 by Mr. Benjamin Chase, its president, as corporate designee.

12. Attached hereto as **Exhibit K** is a true and correct copy of relevant excerpts from the transcript of the Rule 30(b)(6) deposition of Harmony given on October 4, 2012 by Mr. David Hendrickson, its chief operating officer, as corporate designee.

13. Attached hereto as **Exhibit L** is a true and correct copy of relevant excerpts from the transcript of the deposition of Ms. Deanne Hechtle, formerly a designer with Harmony, taken on June 26, 2012.

14. Attached hereto as **Exhibit M** is a true and correct copy of relevant excerpts from the transcript of the deposition of Ms. Sarah Hanks, formerly a designer with Harmony, taken on August 20, 2012.

15. Attached hereto as **Exhibit N** is a true and correct copy of relevant excerpts from the transcript of the deposition of Mr. Jon Tingey, a former owner of Harmony, taken on August 20, 2012.

16. Attached hereto as **Exhibit O** is a true and correct copy of a Scentsy product catalog for "Fall/Winter 2009" that is representative of Scentsy's catalogs produced to Harmony's counsel during this litigation.

17. Attached hereto as **Exhibit P** is a true and correct copy of Plaintiff's Answers to Defendant's First Set of Interrogatories, dated March 26, 2012.

18. Attached hereto as **Exhibit Q** is a true and correct copy of Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories, dated May 1, 2012.

19.     Attached hereto as **Exhibit R** is a true and correct copy of Plaintiff's Second Amended Answers to Defendant's Second Set of Interrogatories, dated December 17, 2012.

20.     Attached hereto as **Exhibit S** are true and correct copies of photographs showing side-by-side comparisons of Scentsy and Harmony warmers, taken in November and December 2012 during the parties' mutual inspections of the scented wax warmers at issue in this litigation.

21.     Attached hereto as **Exhibit T** are true and correct copies of photographs showing side-by-side comparisons of packaging of Scentsy and Harmony warmers, taken in November and December 2012 during the parties' mutual inspections of packaged warmers at issue in this case.

22.     Attached hereto as **Exhibit U** are true and correct copies of images produced by Harmony during the course of discovery, showing: (a) the use of the fleur-de-lis crest in various products; (b) the use of the "pagoda" shape in warmers; (c) various renditions of the kokopelli artwork on a range of products; (d) snowman-themed warmer incorporating curved bell-shaped body and rounded bowl-shaped top; (e) various ceramic products that incorporate a "wrap-around" feature; (f) warmers that incorporate a star-shape design element; and (g) warmer with a square top and rounded corners that oppose the warmer body at an obtuse angle.

23.     Attached hereto as **Exhibit V** is a true and correct copy of a design document produced by Scentsy and labeled as SCEN001754, showing that **Kokopelli** was inspired by native American pottery.  (This document was re-designated as CONFIDENTIAL in October 2012 and is thus filed separately under seal.)

24.     During the course of discovery, Scentsy produced printouts of e-mail exchanges with its consultants and which show that, as of May 2010, the consultants had alerted Scentsy to the presence of Harmony warmers in retail chains and further requested that Scentsy take action against Harmony.  Attached hereto, as an illustrative example, is **Exhibit W** which is a true and correct copy

an e-mail exchange from May 2010 between a Scentsy consultant and Scentsy. (This document may still be designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.)

25. Fact discovery in this matter closed on October 31, 2012.

26. On December 18, 2012, Harmony requested clarification of Scentsy's previously produced annualized sales figures (in dollars) for the scented wax warmers at issue. Attached hereto as **Exhibit X** is a true and correct copy of the spreadsheet reflecting Scentsy's annualized sales figures by product. (This document is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY and is thus filed separately under seal.) In response to Harmony's request, Scentsy produced a spreadsheet reflecting apparent actual sales (in dollars) – as opposed to sales estimates - for each warmer at issue through *November 2010*.

27. In addition, and more than *six weeks* after the close of fact discovery, Scentsy produced, *for the first time*, previously undisclosed sales information purportedly reflecting "estimates" of "cost[s] of warmers sold as part" of multi-product packages that include warmers not at issue in this case and/or scented waxes (hereinafter, "multi-pack" sales). Scentsy also produced previously undisclosed sales information incorporating data regarding warmers "given away at no charge." Attached as **Exhibit Y** is a true and correct copy of an e-mail exchange between counsel documenting Scentsy's untimely production and Harmony's objections thereto.

28. The post-November 2010 monthly sales figures (in dollars) incorporate the unexplained and untimely "multi-pack" sales estimates.

29. I have reviewed and aggregated the sales figures (in dollars) for the subject warmers by month as set forth in the report produced by Scentsy on December 18, 2012 and designated as SCEN000001.1. The table set forth in the attached **Exhibit Z** reflects the foregoing aggregation

through the time periods specified. (The information set forth in Exhibit Z is presently designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY. Exhibit Z is thus filed separately under seal.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of January 2013, at Boise, Idaho.

/s/ *Kennedy K. Luvai*
Kennedy K. Luvai

DECLARATION OF KENNEDY K. LUVAI IN SUPPORT OF DEFENDANT HARMONY BRANDS, LLC'S MOTION FOR SUMMARY JUDGMENT - 6

4852-9324-7250.1

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the 11th day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

                                       /s/ *John N. Zarian*
                                       John N. Zarian